39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Paul R. GAROT, Defendant-Appellant.
 No. 93-50742.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 17, 1994.*
Decided Oct. 27, 1994.
 
 Before: BROWNING, FARRIS, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul R. Garot appeals his sentence under the Sentencing Guidelines for his guilty plea conviction to structuring transactions to evade currency reporting requirements in violation of 31 U.S.C. Sec. 5324(3). We review for clear error the factual issue of whether a defendant has accepted responsibility of his crime. United States v. Ramos, 923 F.2d 1346, 1347 (9th Cir.1991) ("section 3E1.1 does not require a reduction as a matter of right whenever a defendant pleads guilty"). A sentencing court may deny a reduction for acceptance of responsibility where a defendant does not manifest "sincere contrition" or "sincere remorse." United States v. Johnson, 953 F.2d 1167, 1172-73 (9th Cir.) (defendant's one paragraph letter sent nine days before the sentencing hearing did not demonstrate acceptance of responsibility), cert. denied, 113 S.Ct. 226 (1992).
 
 
 3
 Garot contends that the district court erred in refusing to grant a reduction for acceptance of responsibility pursuant to U.S.S.G. Sec. 3E1.1, because he pled guilty and sent the court a letter expressing remorse.[1] The Probation Officer concluded, however, that Garot did not show acceptance when he stated to a probation officer that he was not aware of currency reporting requirements. Garot only wrote a short "letter of remorse" after the presentence report suggested a denial of a reduction for acceptance of responsibility. The district court did not clearly err in concluding that Garot failed to show acceptance of responsibility. See Johnson, 953 F.2d at 1172-73.
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Garot also alleges that the government breached its plea agreement by refusing to recommend a reduction for acceptance of responsibility. The agreement provided that the government would make such a recommendation only where Garot "manifested his acceptance of responsibility throughout the time of sentencing." The government did not breach the agreement when it concluded, as did the probation office, that Garot failed to manifest acceptance of responsibility